IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

HILDA SOLIS, SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT OF LABOR, )
                                      Plaintiff, )   CIVIL ACTION NO.
                                          v. )
MINN. PRETZELS, INC., d/b/a BOISE )
PRETZELMAKER and W. SCOTT BERRY, )
individually )
                                    Defendants. )

## COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating provisions of sections 12(c) and 15(a)(4) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201-219), hereinafter called the "FLSA."

I

Jurisdiction of this action is conferred upon the Court by section 17 of the FLSA and by 28 U.S.C. § 1345.

II

A.    Defendant Minn. Pretzels, Inc. is a Nevada corporation, with its principal office located in Steamboat Springs, Colorado, within the jurisdiction of this Court, where it is engaged in the business of providing snack foods and soft drinks to the general public.

B.    Defendant Minn. Pretzels, Inc. operates and controls four franchise establishments located in Idaho, North Dakota and Minnesota. The franchise

establishment at issue in the present matter, Boise Pretzelmaker, is located at the Boise Town Square Mall, 350 North Milwaukee, #1035, Boise, Idaho 83704.

  C. Defendant W. Scott Berry resides in Colorado, within the jurisdiction of this Court, and is an owner and officer for Minn. Pretzels, Inc. Mr. Berry acts directly or indirectly in the interest of Defendant Minn. Pretzels, Inc., d/b/a Boise Pretzelmaker, in relation to the employees referred to below.

### III

At all times hereinafter mentioned, the business activities of Defendants referred to in paragraph II, supra, were, and are, related and performed through a unified operation or common control for a common business purpose. Accordingly, Defendants constitute an enterprise within the meaning of section 3(r) of the FLSA.

### IV

At all times said enterprise has, and had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and has an annual gross volume of sales made or business done of not less than $500,000.00; and therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by section 3(s)(1)(A) of the FLSA.

### V

  A. Defendants have repeatedly and willfully violated the provisions of sections 12(c) and 15(a)(4) of the Act by employing, since at least August 2006, four (4) minors fifteen years of age under conditions constituting oppressive child labor within the meaning of the FLSA. The oppressive child labor consisted of minors working past 7:00

p.m. between Labor Day and June 1st, past 9:00 p.m. between June 1st and Labor Day, more than three hours on a school day, more than eighteen hours in a school week, and working during core school hours.

      B.     Defendants have repeatedly and willfully violated the provisions of §§ 12(c) and 15(a)(4) of the FLSA by allowing, since at least August 2006, three (3) minors fifteen years of age to perform baking operations by using a conveyor oven, contrary to regulations governing the occupations of minors in retail and food service establishments (29 C.F.R. § 570.34(b)(5)), such employment constituting oppressive child labor within the meaning of the FLSA.

      C.     Defendants have repeatedly and willfully violated the provisions of §§ 12(c) and 15(a)(4) of the FLSA by allowing, since at least August 2006, one (1) minor fifteen years of age, one (1) minor sixteen years of age, and one (1) minor seventeen years of age to operate trash and paper box compactors, contrary to Hazardous Occupations Order No. 12 (29 C.F.R. § 570.63), such employment constituting oppressive child labor within the meaning of the FLSA.

VI

Defendants have repeatedly violated the child labor provisions of the FLSA as alleged in paragraph V, above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by section 17 of the FLSA.

VII

WHEREFORE, cause having been shown:

Plaintiff prays for judgment, pursuant to section 17 of the FLSA, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and

those persons in active concert or participation with Defendants from violating sections 12(c) and 15(a)(4) of the FLSA, for an order granting such other and further relief as may be necessary and appropriate to effectuate the purposes of the FLSA, and for the recovery of costs of this action.

Respectfully submitted,

Office of the Solicitor
1999 Broadway, Suite1600
Denver, CO 80202-5710
(303) 844-1745/1756
(303) 844-1753 (Facsimile)
Casey.jennifer@dol.gov

Carol A. De Deo
Deputy Solicitor for National Operations

Michael A. Stabler
Regional Solicitor

John Rainwater
Associate Regional Solicitor

/s/ Jennifer A. Casey
Jennifer A. Casey
Trial Attorney

U.S. Department of Labor