IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF COLORADO

HILDA SOLIS, SECRETARY OF LABOR, UNITED )
STATES DEPARTMENT OF LABOR, )
                                                                                          )
          Plaintiff, )
                                                                                         ) CIVIL ACTION NO.
v. ) 09-CV-02352-ZLW-CBS
                                                                                        )
MINN. PRETZELS, Inc., a corporation, d/b/a BOISE )
PRETZELMAKER and W. SCOTT BERRY, individually, )
                                                                                        )
          Defendants. )

## CONSENT INJUNCTION

Plaintiff having filed her Complaint, and Defendants having waived the filing of an answer, agree to entry of this Judgment without contest;

It is, therefore, upon motion of counsel for the Plaintiff, and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this injunction be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of sections 12(c) and 15(a)(4) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201 et seq.), hereinafter the "Act," as follows:

Defendants shall not, contrary to sections 12(c) and 15(a)(4) of the Act, employ, suffer or permit minors to work in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, under conditions constituting child labor as defined in section 3(l) of the Act, 29 U.S.C. § 203(l), and the regulations found at 29

C.F.R. Part 570 (Subparts A and C), and in occupations therein declared to be hazardous as defined in the regulations found at 29 C.F.R. Part 570 (Subpart C and E). In particular, but not limited;

A. Defendants shall not, contrary to 29 C.F.R. §§ 570.33 and 570.35, employ any minors under the age of 16 years for more hours than permitted or during hours not permitted by the regulations.

B. Defendants shall not, contrary to 29 C.F.R. § 570.34(b)(5), employ minors between the ages of 14 and 16 years of age to perform baking operations utilizing equipment not permitted by the regulations.

C. Defendants shall not, contrary to 29 C.F.R. § 570.63, employ minors under the age of 18 years to operate trash and paper box compactors.

In order to ensure that Defendants remain in compliance with the child labor provisions of the Act, Defendants agree to the following:

1. Effective immediately, Defendants will no longer employ individuals under the age of 18 years of age at their Boise, Idaho franchise operation. Defendants will confirm the age of future employees by means of a birth certificate or driver's license, and will hereafter maintain such records in their personnel files for all active employees.

2. Defendants will revise and update their training materials and/or employee rules and regulations to address compliance with child labor standards and will incorporate such changes in their management training program. Defendants will conduct training relating to the child labor provisions of the Act for the franchise establishment in Boise, Idaho. Training for managers shall be mandatory and remain mandatory.

3. Defendants shall impose sanctions, including termination and/or suspension, upon any management personnel responsible for child labor violations at their Boise franchise establishment, after the training referred to in paragraph no. 2 has occurred. Defendants will promptly inform their management personnel of this policy and ensure adequate management personnel are present at the work site to monitor compliance with the child labor provisions.

IT IS FURTHER ORDERED that this injunction shall remain in effect on a permanent basis.

Each party hereby agrees to bear its own costs, fees, and expenses incurred in connection with any stage of this proceeding.

Dated this 4th day of November ~~October~~ 2009.

BY THE COURT:

/s/ Zita Leeson Weinshienk
United States District Judge

Entry of the foregoing injunction is hereby consented to:

Carol De Deo
Deputy Regional Solicitor for
National Operations

Michael A. Stabler
Regional Solicitor

John Rainwater
Associate Regional Solicitor

/s/ W. Scott Berry*
W. Scott Berry on behalf Minn.
Pretzels, Inc. *d/b/a* Boise
Pretzelmaker

/s/ W. Scott Berry
W. Scott Berry, individually
P.O. Box 6248
Steamboat Springs, CO 80477

3

/s/ Jennifer A. Casey
Jennifer A. Casey
Trial Attorney
Office of the Solicitor
1999 Broadway, Suite 1600
Denver, CO 80202-5710

U.S. Department of Labor
Attorneys for Plaintiff

/s/ Cynthia A. Coleman
Cynthia A. Coleman
Kevin Paul
Heizer, Paul LLP
2401 15th Street, Suite 300
Denver, CO 80202

Attorney for Defendants

\* I, Jennifer A. Casey, certify that I have the signed original of this document which is available for inspection during normal business hours by the Court or a party to this action.

### CERTIFICATE OF SERVICE

I certify that on October 2, 2009, I electronically filed the attached Consent Injunction with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the following counsel of record:

ccoleman@hpfirm.com

/s/ Jennifer A. Casey
Jennifer A. Casey, Trial Attorney

4